BARNGROVER, APPELLANT, *v.* NORTH, RESPONDENT.

(No. 2,407.)

(Submitted May 16, 1907. Decided May 27, 1907.)

[90 Pac. 162.]

*Trial—Pleadings—Amendment—Discretion—Appeal—Record*

1. Defendant's application to amend his counterclaim, after plaintiff had rested his case and objected to evidence on the part of defendant in support of it, on the ground that the facts alleged did not constitute a defense or counterclaim, having been addressed to the sound discretion of the trial court, subject to review only in case of abuse of such discretion, its action in denying it will not be held erroneous where the record does not contain an affidavit setting forth any cause why the amendment should have been permitted at that stage of the case.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by Charles E. Barngrover against Austin North. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

*Mr. H. C. Crippen,* for Appellant.

*Mr. Harry A. Groves,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action originated in a justice of the peace court, from which, after trial and judgment in favor of defendant, it was brought into the district court on appeal. The purpose of it is to recover a balance of $100, alleged to be due upon a contract of lease of certain lands by plaintiff to defendant in Yellowstone county. The defendant, admitting that the sum of $100 was due, as alleged by plaintiff, pleaded as a counterclaim a breach of the contract on the part of plaintiff, in that he failed to furnish to defendant certain water to irrigate a portion of the lands leased, alleging that he had been damaged to the amount of $300, and demanding judgment for $200 and costs.

At the trial in the district court the plaintiff, having introduced evidence that $25 would be a reasonable allowance for him as an attorney fee for bringing and prosecuting the action, the contract stipulating for an attorney fee in case action had to be brought to enforce any of its provisions, rested his case. Thereupon defendant offered evidence in support of his counterclaim. This was, upon objection, excluded by the court, on the ground that the facts alleged were not sufficient to constitute a defense or counterclaim. The defendant, having prepared an amendment, asked leave to file it. The request was denied. Thereupon the defendant rested, and the court, on motion of the plaintiff, directed a verdict and judgment for plaintiff for the amount claimed and for costs, including an attorney fee of $25. The defendant has appealed from the judgment and an order denying him a new trial.

At the hearing several objections were interposed by the respondent to a consideration of the case, on the ground that the appellant's brief does not comply with the rules of this court. It will not be necessary to notice any of these matters.

The only question submitted by appellant for decision is, whether the court erred in refusing to allow the proposed amendment. The application was addressed to the sound discretion of the court. The record, however, does not contain any affidavit setting forth any cause why the amendment should have been permitted at that time, and this was one of the reasons assigned by the court why it was rejected. Since there is nothing to show wherein the court abused its discretion, it does not appear that the ruling was erroneous.

If we adopt the view of appellant that an amendment should have been allowed as a matter of course, for the reason that its allowance would not have prejudiced the plaintiff in any way, we reach the same result. The proposed amendment is not embodied in the record, so that we may determine, from an inspection of it, whether it aided the counterclaim in any way. So far as we know, the answer as amended may still have been wholly insufficient to state a defense.

No error being made apparent, the judgment and order must be affirmed. It is so ordered.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.